UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Linda Zetouna,

        Debtor.

Case No. 10-65414
Chapter 7
Hon. Walter Shapero

_____/

## OPINION OVERRULING UNITED STATES TRUSTEE'S OBJECTION TO TRUSTEE'S COUNSEL'S FEE APPLICATION AND ALLOWING TRUSTEE'S COUNSEL'S FEES

The matters before the Court are Chapter 7 Trustee's Counsel's First Application for Compensation (Docket No. 42) and the United States Trustee's Objection thereto (Docket No. 48).

## I. BACKGROUND

Linda Zetouna ("Debtor") filed her Chapter 7 bankruptcy petition on August 12, 2010. The 341 Meeting of Creditors was held on September 16, 2010 and was continued on October 7, 2010. On October 15, 2010, the Chapter 7 Trustee ("Trustee") filed an Application for Order Authorizing Employment of Kenneth Schneider as Counsel and, on that same date, the Court entered an Order (Docket No. 28) authorizing same. On November 1, 2010, on stipulation of the Trustee and the Debtor, the Court entered an Order Extending § 727 Complaint Deadline as to Trustee Only (Docket No. 36). On November 10, 2010, the United States Trustee ("UST") filed a Motion to Dismiss Chapter 7 Case Under 11 U.S.C. § 707(b)(3) (Docket No. 38). On November 19, 2010, Debtor's attorney apparently indicated to the Trustee that Debtor would not oppose the UST's Motion to Dismiss. Trustee and Trustee's Counsel thereafter stopped working on the file and began negotiations regarding payment of the Trustee's fees and Trustee's Counsel's attorney fees as administrative expenses. On November 24, 2010, the Trustee filed an Objection to the UST's Motion to Dismiss (Docket No. 39), objecting to dismissal of this case on the basis that he had not completed his investigation and because he had incurred $5,424.90 in attorney's fees, which he argued should be paid as administrative expenses prior to the case being dismissed. On December 15, 2010, Trustee's Counsel filed a First Interim Application for

1

Compensation (Docket No. 42), seeking $5,424.90 for services relating to Rule 2004 discovery, which had been rendered between September 21, 2010 and December 14, 2010. On that same date, the Trustee withdrew his Objection to the UST's Motion to Dismiss. At some point, Debtor paid $750 to the Trustee[1] and $5,421 to Trustee's Counsel. The funds paid to Trustee's Counsel are currently being held in a client trust account pending Court approval of those fees. On December 16, 2010, the Court entered an Order Dismissing Chapter 7 Case (Docket No. 46) based on the UST's unopposed Motion to Dismiss. On December 23, 2010, the UST filed an Objection to First Interim Application for Compensation by Trustee's Counsel (Docket No. 48). The Court held a hearing on that matter on January 20, 2011 and took the matter under advisement. On April 19, 2011, the Court entered an Order Setting Evidentiary Hearing on that matter to inquire into the following: "(1) The facts and circumstances leading to and surrounding the withdrawal of Trustee's Objection to U.S. Trustee's Motion to Dismiss; (2) The facts and circumstances leading to and surrounding Debtor's payment of $750 to the Trustee and $5,421.00 to Trustee's attorney; and (3) The nature and extent of the Trustee's and Trustee's attorney's activities in this case, both prior to and incident to dismissal of the case." The Court held the indicated evidentiary hearing on June 8, 2011.

The UST argues that (1) because the Trustee did not administer any assets in this case, there is no legal basis for compensation of Trustee's Counsel; and (2) even if there is a basis for compensation of Trustee's Counsel, such should have been brought before the Court in the form of a motion for authorization of compromise, which would provide notice and opportunity for creditors to file objections. Trustee's Counsel argues that (1) this situation is analogous to situations where a Debtor seeks to dismiss or convert a case and such is permitted so long as Debtor pays the administrative expenses incurred in the case, and (2) that the Court should exercise its equitable powers under 11 U.S.C. § 105 to allow the fees sought in this case.

## II. DISCUSSION

As noted, in this case, the UST filed a Motion to Dismiss Debtor's Chapter 7 case pursuant to 11 U.S.C. § 707(b)(2) and (3). At some point, Debtor indicated that she would not object to the UST's Motion to Dismiss. Trustee's Counsel and Debtor's attorney discussed the payment of Trustee's Counsel's fees and Debtor agreed to pay those fees prior to dismissal.

---

[1] The UST filed a Motion for Reconsideration of Ex Parte Order Allowing Compensation of Trustee on the same bases raised in its object to Trustee's Counsel's fee application. That matter was settled by the parties and the Ex Parte Order Allowing Compensation of Trustee was vacated on May 13, 2011 (Docket No. 56).

Here, it is the UST who is objecting to Debtor's payment of Trustee's Counsel's fees, not the Debtor. This is an unusual situation and neither the UST nor Trustee's Counsel has cited, nor has the Court found, any case dealing with similar circumstances.

Trustee's Counsel argues that Debtor's choice not to object to the UST's Motion to Dismiss is essentially the same as, and should have the same effect as, a voluntary dismissal with regard to the conditioning of the dismissal on payment of Trustee's Counsel's attorney fees. Trustee's Counsel cites the following cases in support of his position: *In re Patton*, No. 98-30291, 1999 Bankr. LEXIS 2040, *5 (Bankr. D. Idaho Jan. 20, 1999) (stating, in a chapter 7 case, that "case law supports the proposition that a voluntary dismissal may be conditioned by the Court in order to ensure that any and all administrative expenses incurred by the Trustee be compensated"); *In re Ashenfelter*, No. 03-36262 HCD, 2005 Bankr. LEXIS 1844, *8 (Bankr. N.D. Indiana Mar. 31, 2005) (where a chapter 13 case is dismissed before plan confirmation, the trustee is required to return payments in his or her possession to the debtor " 'after deducting any unpaid claim allowed under section 503(b),' which are administrative expenses including attorney compensation and reimbursement approved by the court."); *In re Lewis*, 346 B.R. 89 (Bankr. E.D. Pa 2006).

It should generally be noted that, unlike a debtor in a case under Chapter 13, a debtor in Chapter 7 does not have an absolute right to dismiss his bankruptcy case. Courts in this district, as well as outside of this district, have generally allowed for a voluntary dismissal of a Chapter 7 bankruptcy case to be conditioned upon the payment of attorney fees when such is appropriate. The decision to condition dismissal of a bankruptcy case on the payment of the Trustee's attorneys' fees should be made on a case-by-case basis, mindful of the facts and circumstances leading to the dismissal.

That standard has also been applied specifically to professionals employed in a Chapter 7 case prior to its conversion to a case under a different chapter. *See In re Washington*, 232 B.R. 814 (Bankr. S.D. Fla. 1999) (holding that the services provided by the trustee and her attorney produced a benefit to the estate and awarding fees and costs even though the trustee had not made any disbursements in the case); *In re Kuhn*, 337 B.R. 668 (Bankr. N.D. Ind. 2006) (holding that the services and expenses were both reasonably likely to benefit the debtor's estate, and necessary to the administration of the case).

3

The UST does not seem to have any issue with the general practice of the Court approving a voluntary dismissal conditioned on the payment of attorney fees when such is appropriate. The UST takes issue with the fact that this case involves a Motion to Dismiss filed by the UST, and not a voluntary dismissal filed by the Debtor. Under the circumstances of this case, where there does not appear to be any questionable conduct by Debtor with regard to her choice not to object to the UST's Motion to Dismiss her case and there was no questionable conduct by the Trustee or Trustee's Counsel, the Court does not see any meaningful difference between a voluntary dismissal and Debtor's choice not to object to the UST's Motion to Dismiss. Therefore, the Court will not treat this fee application any differently than such would be treated in a voluntary dismissal situation.

11 U.S.C. § 330(a)(1) states: "After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a . . . professional person employed under section 327 or 1103 – (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and (B) reimbursement for actual, necessary expenses." Section 330(a)(3) sets forth the factors that a court should consider in determining reasonable compensation under § 330(a)(1). Those factors include, for example, "whether the services were necessary to the administration of, or beneficial at the time at which the services were rendered toward the completion of, a case under this title." 11 U.S.C. § 330(a)(3)(C).

Trustee's Counsel unquestionably completed all of the work summarized in the filed Fee Application and that work was reasonable and necessary at the time it was completed. Under the circumstances of this case, the Court concludes that it was appropriate for the dismissal to be conditioned upon payment of Trustee's Counsel's fees and approves Trustee's Counsel's Fee Application in its entirety. Therefore, Trustee's Counsel is entitled to retain the funds it was paid by Debtor, which are currently being held in Trustee's Counsel's client trust account.

The Court indicates that a more appropriate way to handle a situation such as this in the future would be for Trustee's Counsel to file a Fee Application prior to dismissal and provide proper notice to all relevant parties, with an opportunity to object, prior to the entry of the dismissal order.

## III. CONCLUSION

For the reasons set forth herein, the UST's Objection to First Interim Application for Compensation by Trustee's Counsel is overruled and Trustee's Counsel's Fee Application is approved in its entirety.

.

**Signed on July 09, 2012**

                                          **/s/ Walter Shapero**
                                **Walter Shapero**
                                **United States Bankruptcy Judge**